```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

SPAIN                                         CIVIL ACTION

VERSUS                                        NO: 08-1148

LOWE'S HOME CENTERS, INC.                     SECTION: "R"(1)
```

### ORDER AND REASONS

Before the Court is plaintiff Harold Spain's motion for leave to file his first amended complaint. For the following reasons, the Court grants plaintiff's motion and remands this case to state court.

On October 12, 2007, plaintiff sued Lowe's Home Centers, Inc., under a theory of vicarious liability for the intentional actions of "Marc," plaintiff's former co-worker at Lowe's. Plaintiff alleges that Marc, while operating a forklift "intentionally and continually attempted to place[] the forklift blades under Plaintiff's feet and lift Plaintiff off the ground." (Compl. ¶ 3.) He further alleges that Marc "struck and pushed

Plaintiff's upper body with the main body of the forklift until he was thrown to the ground." (*Id.*)  Plaintiff alleges that he suffered injuries which caused him physical pain and distress. (*Id.* ¶ 7.)  On February 27, 2008, Lowe's removed the case to federal court on the basis of diversity jurisdiction. (R. Doc. 1).

On March 5, 2008, plaintiff filed a motion for leave to amend the complaint. (R. Doc. 4.)  Plaintiff has learned Marc's last name and address through discovery and seeks to name him as an additional defendant.  Pursuant to Federal Rule of Civil Procedure 15, the Court grants plaintiff leave to amend the complaint. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires.").

The Court also finds that both plaintiff and the defendant to be joined, Marc Songy, are citizens of Louisiana.  It is well established that incomplete diversity between the parties destroys the federal court's diversity jurisdiction.  This principle guides the Court's jurisdictional inquiry, including situations in which the case was removed from state court. Indeed, 28 U.S.C. § 1447(e) explicitly provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the

State court." The Court finds that based on the clear language of § 1447(e), after granting plaintiff leave to amend, the Court must remand the action.

Accordingly, plaintiff's motion for leave to amend is GRANTED. The Court further REMANDS ths suit to the 24th Judicial District Court for Jefferson Parish.

New Orleans, Louisiana, this __7th__ day of March, 2008.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE